[No. 7620. Decided July 26, 1909.]

PACIFIC NORTHWEST INVESTMENT SOCIETY, *Appellant*, v.
JOHN G. CUNNINGHAM, *Respondent*.[1]

BILLS AND NOTES — CONSIDERATION — CONTRACTS — FORFEITURE CLAUSE—WAIVER. A note given in payment for a rate installment on an investment bond, the bond stipulating for annual payments and providing that the bond should be void in case the note is not paid upon maturity, is valid and upon sufficient consideration, where the holder of the bond elects to treat it as in force and sues upon the bond; since it can waive the provisions for its forfeiture, and the word "void" should be construed to mean "voidable."

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 14, 1908, dismissing an action on contract, upon sustaining objections to the introduction of any evidence. Reversed.

*Merritt, Oswald & Merritt*, for appellant.
*Kenyon & Setters*, for respondent.

CROW, J.—Action on a promissory note by Pacific Northwest Investment Society, a corporation, against John G. Cunningham. When the case was called for trial, the defendant interposed an objection to the introduction of evidence, contending that the amended complaint did not state a cause of action. The trial court sustained the objection and dismissed the action. Plaintiff has appealed.

The only question before us is the sufficiency of the amended

[1]Reported in 103 Pac. 9.

complaint.   Its averments material to this appeal read as follows:

"(2)   That on the 29th day of June, 1906, the defendant made and executed his promissory note to plaintiff in the words and figures following, to wit:

" '$256.50                          Spokane, 6-29-06.

" 'On the 1st day of October, 1906, for value received, I promise to pay to the Pacific Northwest Investment Society at its offices in the Lindelle block, Spokane, Washington, the sum of (256.50) two hundred fifty-six and 50-100 dollars, with interest thereon from date until paid at 6% per annum; if not paid at maturity, to draw interest at the rate of 9% per annum until paid.

" 'This note is given for a rate installment on an Investment Bond No. —— to be issued by said Pacific Northwest Investment Society for $10,000 in my favor and is non-negotiable.

" 'In case this note is not paid at maturity the said Bond No. —— shall be void and of no effect.   (Signature) John G. Cunningham.'

"(3)   That for and in consideration of said note the plaintiff did on the first day of July, 1906, make, issue and deliver to defendant the investment bond referred to in said note and for which said note was given to pay a rate installment upon, which said investment bond defendant received, accepted, kept and retained and does still keep and retain, a copy of said investment bond is hereunto annexed, made a part hereof and marked 'Exhibit A.'

"(4)   That no part of said note, either the principal or interest, has been paid; the whole thereof is past due, all of which the defendant has refused to pay, although demanded so to do."

The bond referred to as Exhibit A in part reads as follows:

"No. 479.                          $10,000.

"Pacific Northwest Investment Society, Incorporated.

"This is to certify that in consideration of the payment of two hundred fifty-six and 50-100 dollars annually on the first day of July in advance during the period of twenty years from the date hereof The Pacific Northwest Investment Society hereby promises to pay to John G. Cunningham or

to the recorded owner hereof, at the expiration of said period, upon presentation of this bond to the society at its office in the city of Spokane, the sum of ten thousand dollars in gold coin of the United States of the present standard of weight and fineness, being the full sum of all rate installments hereon with interest on same from due date to maturity at 6 per cent per annum, compounded annually. Whenever interest is provided for herein, such interest shall be compounded annually as herein provided. This bond is subject to the 'Privileges and Provisions' hereon endorsed, which are hereby referred to and made a part of the same.

"In witness whereof, etc."

Then follow statements of certain privileges and provisions of the bond which need not be here stated.

The respondent contends that, if the note which was given for a rate installment was paid, the rate installment itself would be paid, otherwise not; that the giving of the note and the delivery of the bond were one transaction; that the two instruments created a single contract which by its terms expressly provided that, if payment of the sum mentioned in the note should not be made at maturity, the bond should be null and void; that by reason of the nonpayment of the note the bond did become void; that all consideration for the note thereupon failed, and that on the allegations of the amended complaint the appellant was not entitled to recover. These contentions cannot be sustained. The amended complaint states a cause of action. The note stipulated that, if it should not be paid at maturity, the bond should become void and of no effect; but such stipulation was made for the appellant's protection and benefit, and appellant could at its option either enforce or waive the same. By the terms of the bond delivered to respondent and still retained by him, the rate installments were payable annually. The appellant evidently took the note in payment of the first installment. From the date of the note until its maturity the bond was undoubtedly a valid and existing contract. If nonpayment of the note avoided such contract, the respondent by his own

default not only availed himself of the stipulation made for appellant's benefit, but at the same time relieved himself from liability or indebtedness to appellant, while retaining possession of the bond. We cannot assume that the parties intended to make no contract, nor that they were engaged in the idle pastime of executing worthless instruments. To adopt respondent's construction would in effect be a holding that the note and bond were to be valid or not at his option, as he might determine, and without regard to any rights of the appellant. The note was undoubtedly accepted in payment of the first rate installment, notwithstanding respondent's contention to the contrary. By instituting this action appellant elected to waive the stipulation inserted therein for its benefit. It also elected to continue the bond, and enforce respondent's liability upon the note.

"It is not unusual to stipulate in contracts that they shall be 'void' under certain circumstances, and in view of the inaccurate use of the word 'void,' heretofore referred to, it generally becomes necessary to ascertain the precise sense in which that word is used. The general rule is that where such stipulations are inserted for the sole benefit of one of the parties, the word 'void' is to be construed as though the contract read 'voidable.' Thus, provisions in leases, that if the tenant shall not with due promptness perform his covenants to build, repair, insure, pay rent, and the like, the lease shall be 'void,' or 'utterly null and void, to all intents and purposes,' etc., are held to mean voidable at the instance of the lessor." 29 Am. & Eng. Ency. Law (2d ed.), p. 1070.

See, also, *Sadler v. Niesz*, 5 Wash. 182, 31 Pac. 630, 1030; *Van Shaack v. Robbins*, 36 Iowa 201. We hold that the word "void," here used, should be construed to mean voidable at appellant's election.

The judgment is reversed, and the cause remanded for a new trial.

RUDKIN, C. J., MOUNT, DUNBAR, FULLERTON, and GOSE, JJ., concur.